IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

BRANDON J. THOMAS,            )
                              )
        Petitioner,           )
                              )
    v.                        )    No. 16-cv-3108
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Petitioner Brandon J. Thomas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). For the reasons set forth below, this Court recommends that Thomas' Petition should be DENIED.

## STATEMENT OF FACTS

On August 13, 2012, Thomas robbed a federally insured credit union. On September 19, 2012, a grand jury indicted Thomas on three counts in connection with that armed robbery. The grand jury indicted Thomas with armed robbery of a federally insured credit union, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 2); and brandishing a firearm during a violent

crime, in violation of 18 U.S.C. § 924(c).  United States v. Thomas, C.D. Ill. Case No. 12-CR-20062, Indictment (Case No. 12-20062 d/e 9) (filed in this case at d/e 2).

Thomas pleaded guilty to all three charges pursuant to a plea agreement.  As part of the plea agreement, Thomas agreed to waive his rights to direct appeal and collateral attack.  United States v. Thomas, C.D. Ill. Case No. 12-CR-20062, Plea Agreement (Case No. 12-20062 d/e 34).

The United States Probation Office prepared a Presentence Investigation Report (Case No. 12-20062 d/e 41) ("PSR").  The PSR stated that Thomas qualified as a Career Offender under § 4B1.1(a) of the United States Sentencing Guidelines (Guidelines). Thomas qualified as a Career Offender because the armed robbery conviction in Count 1 was a crime of violence and he had three prior felony convictions for crimes of violence or for controlled substance offenses.  Thomas had three prior Illinois state convictions for robbery, aggravated discharge of a firearm, and armed robbery.  As a Career Offender, his offense level for sentencing purposes on Counts 1 and 2 increased from 24 to 34.  PSR, at 7 ¶ 27.

Thomas also qualified as an Armed Career Criminal because the brandishing conviction in Count 3 violated 28 U.S.C. § 922(g) and he had the three prior state felony convictions for violent felonies.  Id.  PSR, at 7 ¶¶

27-28; 18 U.S.C. § 924(e)(1). As an Armed Career Criminal, his offense level for sentencing purposes on Counts 1 and 2 increased from 24 to 34. PSR, at 7 ¶ 28.

Under either his Career Offender status or his Armed Career Criminal status, Thomas' Guidelines offense level for Counts 1 and 2 increased from 24 to 34. Thomas' conviction in Count 3 carried a statutorily mandated sentence of at least 7 years to run consecutively to all other sentences on all other counts. PSR, at 7 ¶ 32; 18 U.S.C. § 924(c)(1)(A)(ii).

After consideration of Thomas' acceptance of responsibility in his guilty plea and other relevant factors, Thomas had a sentencing guideline range of 188-235 months for Count 1 and 2. PSR, at 17 ¶ 72. The Guideline range for Count 3 was 84 months, to run consecutive to the other sentences. PSR, at 17 ¶ 73. On January 5, 2015, the Court adopted the findings of the PSR and sentenced Thomas to 188 months on each of Counts 1 and 2, to run concurrently, and 84 months on Count 3 to run consecutively to the other two sentences, for a total sentence of 272 months. Minute Entry entered January 5, 2015; Judgment in a Criminal Case (Case No. 12-20062 d/e 44) (filed in this case at d/e 2).

On May 28, 2015, the Court granted the government's motion under Federal Rule of Criminal Procedure 35(b) to reduce Thomas' sentence on

Count 3 from 84 months to 20 months, thereby reducing the total sentence to 208 months.  Amended Judgment in a Criminal Case (Case No. 12-20062 d/e 54) (a copy is filed in this case at d/e 2).

Thomas asks the Court to review his sentence in light of Johnson v. United States, __ U.S. __, 135 S.Ct. 2551 (2015).

ANALYSIS

Assuming arguendo that Thomas may bring this Petition, the Court sees no merit to the Petition.  Thomas seeks review because the Supreme Court determined that the residuary clause within the definition of "violent felony" in Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness.  Johnson, 135 S.Ct. at 2557-58.  The Johnson decision applies retroactively on collateral review.  Welch v. United States, __ U.S.__, 136 S.Ct. 1357, 1268 (2016).  Thomas asks the Court to determine whether the increase in his offense level from 24 to 34, and the resulting increase in his sentence, was based on the unconstitutionally vague residuary clause in the Armed Career Criminal Act.

The unconstitutional residuary clause within § 924(e)(2)(B)(ii) did not affect the length of Thomas' sentence.  The Court adopted the findings of the PSR.  The Court, therefore, found that Thomas qualified for a Guidelines sentencing range of 188-235 months because both the Armed

Career Criminal Act § 924(e) and the Guidelines Career Offender provision § 4B1.1(a) applied to his case. The definition of "crime of violence" in the Guideline's Career Offender provisions also has a residuary clause. Guidelines §4B1.2(a)(2). The §4B1.2(a)(2) residuary clause in the advisory Guidelines, however, is constitutional. Beckles v. United States, __ U.S.__, 137 S.Ct. 886, 894 (2017); see United States v. Booker, 543 U.S. 220 (2005) (holding that the Guidelines are advisory only).[1] Therefore, the increase in Thomas' offense level due to the Guidelines' Career Offender provisions was valid, and the resulting Guidelines sentencing range of 188-235 on Counts 1 and 2 was valid, regardless of the validity of the Armed Career Criminal enhancement in this case.[2] Thomas is not entitled to relief.

THEREFORE, THIS COURT RECOMMENDS that Petitioner Brandon J. Thomas' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) should be DENIED. The Clerk is directed to file UNDER SEAL in this case a copy of Petitioner Thomas' Presentence Investigation Report in his criminal case (case no. 12-20062 d/e 41).

---

[1] The Court does not address whether the Johnson decision would invalidate the Guidelines' Career Offender residuary clause for offense committed or sentences entered before the Supreme Court determined that the Guidelines were advisory in United States v. Booker, 543 U.S. 220 (2005). This issue is currently pending before the Court of Appeals. See e.g., Robinson v. United States, 2018 WL 547543 (C.D. Ill. January 24, 2018), appeal docketed, No. 18-1309 (7th Cir. February 13, 2018).
[2] The Court does not decide whether the residuary clauses in either the Armed Career Criminal Act or the Guidelines apply to the facts in this case.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.

ENTER:   March 1, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE