E-FILED
Friday, 23 March, 2018 04:16:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRANDON J. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-cv-03108 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 8). Judge Schanzle-Haskins recommends that this Court deny the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (hereinafter, Petition).

Objections to the Report and Recommendation were due on March 15, 2018. Neither party filed objections.

**I. ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that the Petition should be denied because the Supreme Court's holding in Johnson v. United States does not apply to Petitioner's sentence. \_\_ U.S. \_\_, 135 S.Ct. 2551 (2015). The sentencing court adopted the findings of the Presentence Investigation Report (PSR), which found that Petitioner's Guideline sentencing range was 188-235 months because he qualified both as an armed career criminal under the Armed Career Criminal Act (18 U.S.C. § 924(e)) and as a career offender under the Guidelines Career Offender provision (USSG § 4B1.1(a)). Accordingly, the ruling in Johnson did not affect Petitioner's sentence because even without the statutory

enhancement, Petitioner's offense level would have been enhanced under the Guidelines. The Report and Recommendation further noted that in Beckles v. United States, the Supreme Court ruled that the residual clause of the Guideline provision is constitutional. __ U.S. __, 137 S.Ct. 886, 894 (2017). Therefore, Petitioner's Guideline enhancement cannot be a basis for federal habeas relief.

After reviewing the record, the Report and Recommendation, the parties' pleadings, and the applicable law, this Court finds no clear error.

## II. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); Sveum v. Smith, 403 F. 3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required to appeal a district court's dismissal of a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

### III. CONCLUSION

**IT IS THEREFORE ORDERED THAT:**

(1) **The Report and Recommendation (d/e 8) is ADOPTED in its entirety.**

(2) **The Petition (d/e 1) is DENIED.**

(3) **A Certificate of Appealability is DENIED.**

(4) **THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

ENTER: March 23, 2018

FOR THE COURT:            s/ Sue E. Myerscough
                          SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE